[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO REARGUE
CT Page 12965
The plaintiff has moved, pursuant to Practice Book § 11-11, for permission to reargue the orders issued by this court on July 19, 2000 in its memorandum filed on that date. Reargument has been held and the parties have filed post-hearing briefs which the court has considered.
The plaintiff claims the $50 weekly order on the alimony arrears of $22,100 is inadequate, insufficient and bears no appropriate relationship to the defendant's ability to pay the arrears. The order allows the defendant to liquidate the arrears over 8.5 years.
The judgment in this case was entered on December 6, 1977 at which time the defendant was ordered to pay the plaintiff $25 weekly periodic alimony. By memorandum of decision dated February 21, 1996 this court found the arrears to consist of the annual periodic alimony payable at $1300 per year unpaid for 17 years up to January 1, 1996. No order for collection of the sum was entered at that time since the defendant was still paying a child support arrears via Support Enforcement but he was ordered by this court to pay the periodic alimony on a current basis. No interest was ordered at that time. The plaintiff's motion for contempt dated March 6, 1995 does not request an award of interest. No evidence was introduced in the present hearing regarding the current status of the child support arrears. The reason the court made no order regarding payments on the alimony arrears in 1996 was to allow the child support arrears to be liquidated in full. Under the circumstances the court finds that the defendant was not willfully withholding payment to the plaintiff for alimony arrears for he was liquidating the child support arrears. The court finds that no wrongful detention existed but rather the court found the child support obligation to be paramount.
Having considered in the arguments of counsel made at oral argument and in their post-hearing briefs the court has reached the conclusion that, given the record made in the present matter, no change in the decision of the court dated July 19, 2000 should be made and the relief prayed for in the plaintiff's motion for reargument is denied.
HARRIGAN, J.